UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

4 STAR GENERAL CONTRACTING, INC.                                                                PLAINTIFF

v.                                            No. 2:22-CV-02036

UNITED FIRE & CASUALTY COMPANY                                                              DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 16) for protective order and proposed protective order (Doc. 16-1). The parties seek protection of social security numbers, medical and financial information, trade secrets, policies and procedures, trade secret pricing information, employment files, and underwriting files. For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to

1

competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)).  Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order.  The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

The proposed protective order also includes information relating to social security numbers, medical and financial information, and employment files.  Courts routinely protect employee personnel files.  *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty. Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").  As for medical records, though federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 allows disclosure of this information for purposes of litigation where a protective order is in place.  *See* 45 C.F.R. § 164.512(e)(v)(A).  The Court finds that good cause has been shown for entry of a protective order regarding documents containing social security numbers, medical and financial information, and employment files.

The Court will separately enter a revised protective order which complies with the Court's standard procedure for filing documents under seal, permits retention of documents when required by law, regulation, court order, or other professional obligation, and does not allow

modification of the protective order except by order of the Court.

    IT IS SO ORDERED this 6th day of June, 2022.

                                                      /s/ P. K. Holmes, III  
                                                      P.K. HOLMES, III  
                                                      U.S. DISTRICT JUDGE