UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| 4 STAR GENERAL CONTRACTING, INC. | | PLAINTIFF |
| v. | No. 2:22-CV-02036 | |
| UNITED FIRE & CASUALTY COMPANY | | DEFENDANT |

**OPINION AND ORDER**

Before the Court is Defendant United Fire & Casualty Company's partial motion (Doc. 22) to dismiss and brief in support (Doc. 23). Plaintiff 4 Star General Contracting, Inc. filed a response in opposition (Doc. 24). Prior to Defendant's motion, Plaintiff filed a motion (Doc. 19) for leave to amend its complaint, which Defendant opposes (Docs. 20 & 21). For the following reasons, Defendant's motion to dismiss will be GRANTED, and Plaintiff's motion for leave to amend its complaint will be DENIED.

**I.      Background**

Defendant issued an insurance policy (the "Policy") to Stainless Innovations to insure real and personal property in Fort Smith, Arkansas. In August 2020, the insured property was damaged by a hailstorm. Defendant admitted covered damage and issued a partial payment for the actual cash value, but allegedly "failed and refused to issue payment for heldback depreciation or to correctly identify the amount or scope of replacement cost value loss." (Doc. 2, p. 2, ¶ 6). Stainless Innovations subsequently assigned its breach of contract to Plaintiff.

On February 24, 2022, Plaintiff filed the current action pleading causes of action for breach of contract and the tort of bad faith against Defendant. On April 11, 2022, Defendant filed an answer. On June 21, 2022, Plaintiff sought leave to amend its complaint to plead additional facts

supporting its claims. Defendant opposed leave to amend citing futility and subsequently filed a partial motion to dismiss Plaintiff's bad faith claim, arguing a bad faith claim cannot be assigned under Arkansas law.

## II.     Legal Standard

A Rule 12(b) motion must be filed "before pleading if a responsive pleading is allowed." Here, Defendant has already filed an answer and Plaintiff has not been granted leave to amend its original complaint. Therefore, a motion under Rule 12(b) is improper. "However, . . . the defendants can raise the same issue by filing the same motion but calling it a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *Metro Renovation, Inc. v. Allied Grp., Inc.*, 389 F. Supp. 2d 1131, 1133 (D. Neb. 2005). "In circumstances like this one, particularly where the defense of failure to state a claim has been preserved in the answer, the courts will typically convert a so-called Rule 12(b)(6) motion to a Rule 12(c) motion." *Id.* (citing *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)). However, "[t]his distinction is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott*, 901 F.2d at 1488.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Those alleged

facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence of illegal [activity]," the Court should deny a motion to dismiss. *Id.* at 556.

When interpreting state law, federal courts are bound by the decisions of the state's highest court. *Allstate Indem. Co. v. Rice*, 755 F.3d 621, 623 (8th Cir. 2014). "Where definitive guidance from a state's highest court is lacking, this Court must attempt to predict how the state's highest court . . . would rule." *Pella Corp. v. Liberty Mut. Ins. Co.*, 244 F. Supp. 3d 931, 936 (S.D. Iowa 2017) (citing *Sletten & Brettin Orthodontics, LLC v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015)).

**III.   Analysis**

Defendant argues that under Arkansas law the tort of bad faith is an unassignable claim, and therefore Plaintiff's bad faith claim should be dismissed. However, Plaintiff states that "[t]he Court need not determine whether United Fire is correct because Plaintiff's Original Complaint alleged post-assignment, no pre-assignment, bad faith conduct by United Fire." (Doc. 24, p. 3).

To begin, it is well settled that "[i]n Arkansas, tort claims cannot be assigned." *Allen v. Leggett*, No. CA 07-89, 2007 WL 2782772, at *3 (Ark. Ct. App. Sept. 26, 2007) (first citing *Mallory v. Hartsfield, Almand & Grisham, LLP* 86 S.W.3d 863 (Ark. 2002); then citing *Midwest Mut. Ins. Co. v. Ark. Nat'l Co.*, 538 S.W.2d 574 (Ark. 1976); and then citing *S. Farm Bureau Cas. Ins. Co. v. Wright Oil Co.*, 454 S.W.2d 69 (Ark. 1970)). Arkansas courts have not addressed the issue of whether a claim for bad faith against an insurer may be assigned, however, because a bad faith claim is a tort claim, the Court finds that Arkansas courts would not permit assignment.

3

Therefore, Plaintiff may not bring a claim for bad faith based on Defendant's actions directed at Stainless Innovations prior to the assignment.

Plaintiff argues its bad faith claim is not for Defendant's actions prior to the assignment, but instead for Defendant's actions after Stainless Innovations assigned the claim to Plaintiff, and because an assignee "stands in the shoes of the [assignor] as the insured and is entitled to the same protection under the policy as would its assignor," an assignee should be able to plead a claim of bad faith for actions committed by the insurer post-assignment. However, though an assignee may stand in the shoes of the assignor, an assignment does not make the assignee the insured. *See* Ark. Code Ann. § 23-79-208 (establishing when an insurance company is "liable to pay the holder of the policy *or his or her assigns*" as opposed to conflating the two terms) (emphasis added)). The Arkansas Supreme Court has stated, "[a]n insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation *to its insured*." *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555, 559 (Ark. 1999) (emphasis added).

Additionally, the Arkansas Model Jury Instructions require a plaintiff pleading a bad faith claim to prove (1) that plaintiff sustained damages; (2) "that defendant acted in bad faith in an attempt to avoid liability under its policy *issued to plaintiff*"; and (3) "that such conduct proximately caused damage to plaintiff." Ark. Model Jury Instr., Civil AMI 2304 (emphasis added) (internal punctuation omitted); *United States v. McMillan*, 863 F.3d 1053, 1057 (8th Cir. 2017) ("We may use a state's model jury instructions to reinforce our interpretation of the means or elements inquiry." (internal citations and quotations omitted)).

Although the Arkansas Supreme Court has not addressed this issue, the Court finds, in light of the above authorities, that under Arkansas law, a claim for the tort of bad faith may only be

brought by the insured; an assignee may not bring a claim of bad faith for allegedly malicious acts committed against the assignee post-assignment. Therefore, Defendant's motion for judgment on the pleadings is granted, and Plaintiff's claim of bad faith is dismissed.

As to Plaintiff's motion to amend its complaint, though "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), a Court may deny a motion to amend if such amendment would be futile. *See, e.g.*, *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). A proposed amendment is futile when it "would not survive a 12(b)(6) motion to dismiss." *Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010). Because under Arkansas law Plaintiff may not bring a claim for the tort of bad faith, amendment to bolster Plaintiff's claim of bad faith is futile. Plaintiff's remaining claim for breach of contract is adequately pled in its original complaint. Therefore, Plaintiff's motion to amend its complaint is denied.

### IV.    Conclusion

IT IS THEREFORE ORDERED that Defendant's partial motion (Doc. 22) to dismiss is GRANTED. Plaintiff's claim for the tort of bad faith is DISMISSED WITH PREJUDICE. Plaintiff's claim for breach of contract remains set for trial.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 19) to amend its complaint is DENIED.

IT IS SO ORDERED this 27th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE