UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

4 STAR GENERAL CONTRACTING, INC.                                                    PLAINTIFF

v.                                          No. 2:22-cv-02036

UNITED FIRE & CASUALTY COMPANY                                                    DEFENDANT

## NOTICE OF HEARING AND ORDER TO SHOW CAUSE

Before the Court is Defendant United Fire & Casualty Co.'s ("United Fire") motion (Doc. 72) for sanctions. Plaintiff 4 Star General Contracting, Inc. ("4 Star") responded (Doc. 80) in opposition. Also before the Court is a motion to withdraw filed by one of 4 Star's attorneys of record, Benjamin Doyle. (Doc. 81).

United Fire seeks sanctions due to allegations that 4 Star's counsel and employees attempted to witness tamper by arranging for a witness to avoid being served with a trial subpoena in this matter. *See* Doc. 68.[1] Given the seriousness of the allegations, the Court will hold a hearing on the motion. This hearing will occur on Tuesday, November 14, 2023 at 9:00 AM, the date this case was originally set for trial. This motion and hearing necessitate continuing the trial in this matter. The Court will re-set the trial at a later date.

United Fire asks the Court to use its inherent power to sanction 4 Star. (Doc. 73). In its motion, United Fire does not advocate for a specific sanction, but instead suggests the Court could impose a range of sanctions. *Id.* The range of sanctions United Fire suggests includes striking certain claims or evidence from trial, an award of fees or costs, a monetary fine or penalty, or dismissal of Plaintiff's complaint. *Id.* at 2–3. As the party moving for sanctions, United Fire has

---

[1] The allegations supporting the motion for sanctions are set forth in United Fire's Motion to Amend/Correct Pre-Trial Disclosure Sheet. (Doc. 68).

the burden of proof and may put on whatever evidence it chooses in support of its motion. The Court requests that United Fire produce the evidence it describes in its exhibits to its motion (Doc. 68) to amend/correct its pretrial disclosure sheet, including the original recordings of phone calls and text messages between 4 Star's counsel, employees, and the witness.

4 Star argues that United Fire has not been harmed by any alleged misconduct and that sanctions would not be appropriate under Federal Rule of Civil Procedure 37(b). The Court will take up the issue of harm at the hearing. As to 4 Star's second argument, United Fire moved for sanctions under the Court's inherent powers, not Rule 37.[2]

Turning to possible sanctions, the Court has authority under its inherent powers "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Included in that power is the "discretion 'to fashion an appropriate sanction for conduct which abuses the judicial process,' including assessing attorney fees or dismissing the case." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (quoting *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017)). This power "'reaches both conduct before the court and that beyond the court's confines' to secure compliance with the court's orders." *Adams*, 863 F.3d at 1077 (quoting *Chambers*, 501 U.S. at 44).

Before imposing sanctions, however, the Court must provide notice and an opportunity to be heard. *Plaintiffs' Baycol Steering Comm.*, 419 F.3d at 802; *Chambers*, 501 U.S. at 50 ("[courts] must comply with the mandates of due process"). And "[b]efore imposing the 'most severe

---

[2] The Court notes that Rick Woods, 4 Star's other counsel of record, filed his notice of appearance on January 23, 2023. (Doc. 40). Therefore, the Court questions why Mr. Doyle is "the only counsel with knowledge and preparation adequate to try the case." (Doc. 80, p. 2). The Court expects all attorneys of record in any matter to be prepared to try a case on the day the Court has set for trial.

sanctions,' a district court should provide 'clear notice' as to the form of the sanction." *Sec. Nat. Bank of Sioux City v. Day*, 800 F.3d 936, 944 (8th Cir. 2015) (quoting *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993)).

This Order serves as the Court's notice of its consideration of sanctions in this matter. The Court is mindful of its obligation to provide due process before imposing sanctions under its inherent power. Therefore, the Court will explain its intentions regarding sanctions as clearly as possible.

The Court is considering sanctions against Benjamin Doyle, Allen Satnes, Jonathan Kinder, and 4 Star. Courts have the power to sanction attorneys who appear before it (Mr. Doyle), parties (4 Star), and representatives of those parties (Mr. Satnes and Mr. Kinder). *Wescott Agri-Prod., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095–96 (8th Cir. 2012); *see also* Gregory P. Joseph, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE § 26(C)(1)–(3) (6th ed. 2022).[3]

The Court is considering a range of sanctions. This range is from no sanctions up to the most severe sanction: dismissal of 4 Star's complaint with prejudice. Included in that range is striking evidence or claims, imposing attorney's fees and costs, a monetary fine or penalty, referral to the proper authorities for investigating any alleged crimes, using an adverse inference against 4 Star if this matter proceeds to trial, and the dismissal of 4 Star's complaint with prejudice. *See* Joseph, SANCTIONS, § 28(B)(1)–(13). At the moment, Mr. Doyle is the only attorney who is subject to sanctions. If the Court decides any discipline against Mr. Doyle is warranted related to his bar admission in the Western District of Arkansas, that will be addressed at a separate time. If

---

[3] The Eighth Circuit has described this treatise as "the leading authority on sanctions law." *Sec. Nat. Bank of Sioux City*, 800 F.3d at 944.

necessary, the Court will also refer any attorney misconduct matters to the relevant state bar associations.

Finally, the Court wishes to briefly address Mr. Doyle's motion to withdraw. (Doc. 81). Mr. Doyle seeks leave to withdraw because United Fire has designated him a fact witness in this matter which creates a conflict of interest. Mr. Doyle also denies the allegations in the motion for sanctions. According to Mr. Doyle, a formal complaint against him has been filed with the Arkansas Committee on Professional Conduct, and he intends to address the allegations in that forum. The Court has "the power to deal with conduct of attorneys in litigation without delegating this responsibility to state disciplinary mechanisms." *Harlan*, 982 F.2d at 1261. The Court's power and responsibility in this matter is not affected by whether the Arkansas Committee will act. *Id.* The Court will not grant the motion to withdraw at this time.

At the hearing, United Fire will have the burden of proof as the party bringing the motion for sanctions. 4 Star and its counsel will have the opportunity to put on evidence opposing the motion as well as make any arguments against the motion.

IT IS THEREFORE ORDERED that Ben Doyle, Allen Satnes, Jonathan Kinder, and 4 Star are directed to show cause why they should not be sanctioned. This show cause hearing will occur on Tuesday, November 14, 2023 at 9:00 AM.

IT IS FURTHER ORDERED that counsel of record for 4 Star, Mr. Doyle or Mr. Woods, is directed to provide its client 4 Star, as well as 4 Star employees Allen Satnes and Jonathan Kinder, a copy of this Order.

IT IS FURTHER ORDERED that the jury trial is cancelled because of this hearing. The Court will re-set the jury trial at a later date.

IT IS SO ORDERED this 6th day of November, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE